**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| **ABC,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**THE UNINCORPORATED ASSOCIATIONS**<br>**IDENTIFIED IN SCHEDULE A,**<br><br>        **Defendants.** | **Civil Action No. 1:25-CV-_____** |

**ORDER**

Before the Court is Plaintiff's *ex parte* motion for Expedited Discovery. For the following reasons, Plaintiff's Motion is GRANTED.

As alleged in the Complaint, Plaintiff is the exclusive owner of three copyright registrations, the "Copyrights-in-Suit." (ECF No. 1). As Plaintiff has alleged, Defendants are foreign individuals, companies, and unincorporated business associations who have been making and selling copied versions of Plaintiff's product. *Id*. Plaintiff alleges that Defendants utilize the copies to sell copied versions of Plaintiff's product on various Webstores such as Amazon.com, AliExpress.com, Temu, and others ("Webstores.") Plaintiff further alleges that because these Webstores do not require sellers to identify their true names and contact information, Defendant's names, identities, and addresses are either unreliable or unknown. In its Motion, Plaintiff asks the Court to grant it leave to service expedited third-party discovery on the Webstores solely to seek Defendants' identities, email address, contact information, sales information, and the value of Defendants' financial accounts with the Webstores. Thus, Plaintiff is asking the Court for leave to serve a Federal Rule of Civil Procedure 45 subpoena on the Webstores.

While the Federal Rules of Civil Procedure prohibit parties from engaging in discovery of any type before a Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), courts in the Fourth Circuit have allowed parties to serve third-party subpoenas before the 26(f) conference if the movant can show that "good cause" exists. *See Moore v. Doe*, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019).

The "well-established" test for determining good cause consists of five factors: "(1) a concrete showing of a *prima facie* case of actionable harm; (2) specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." *Strike 3 Holdings*, 2023 WL 8720700, at *1 (citing *LHF Prods., Inc. v. Does 1-5*, No. 1:17-cv-00151-MR, 2017 WL 2960789, at *1 (W.D.N.C. July 11, 2017) and quoting *Sony Music Ent. V. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). These five factors justify allowing Plaintiff to issue a Rule 45 subpoena on the Webstores before the Rule 26(f) conference solely to discover Defendants' identities, sales information, and value of Defendants' financial accounts with Amazon.

First, Plaintiff's Verified Complaint states a *prima facie* claim for copyright infringement, including allegations that Plaintiff owns the Copyrights-in-Suit and Defendants make unauthorized copies and sell copied products that infringe on Plaintiff's copyrights. Second, Plaintiff's proposed expedited discovery order serves only to discover the number of sales and the amount of money held by the Webstores for each Defendant, as well as any name, email address, address, or telephone number associated with the Webstore accounts. Third, Plaintiff has no other way of identifying Defendants other than by court order granting Plaintiff leave to serve a Rule 45 subpoena. Fourth, the information sought is necessary to effect service on Defendants.

Finally, Defendants' expectation of privacy is of minimal significance because Plaintiff seeks limited discoverable information. *See Apothecary Prod. LLC v. Doe*, No. 19-CV-2278 (PJS/HB), 2019 WL 13471384, at *3 (D. Minn. Sept. 24, 2019) (holding that expectations of privacy was minimally significant in a patent infringement case because the plaintiff requested limited contact information from a third-party webstore).

For these reasons, the Court finds that good cause exists to allow Plaintiff to serve a Rule 45 Subpoena on the following Webstores before the Rule 26(f) conference: Amazon.com; AliExpress.com; eBay; Fruugo; SHEIN; Temu; Walmart; and Wish.com. Accordingly, it is therefore

ORDERED that the Plaintiff's Motion is GRANTED; and it is further

ORDERED that Plaintiff may immediately serve a Rule 45 subpoena on Amazon sufficient to discover the amount of money held by the Webstores in accounts associated with Defendants, as well as any name, email address, address, and telephone number associated with these Webstore accounts.

Entered on this _____ day of _____ 2025.

_____, Virginia

_____

United States Magistrate Judge

3