**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **ABC,** | |
| **Plaintiff,** | |
| **v.** | |
| **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | **Civil Action No. 1:25-CV-_____** |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY**

Plaintiff ABC ("Plaintiff") by counsel, and pursuant to Federal Rule of Civil Procedure 26(d)(1), submits this Memorandum of Law in Support of it's *Ex Parte* Motion for Expedited Discovery.

## I.     Introduction and Summary of Action

This action seeks to stop the online sale of copied goods and copyright infringement by Defendants, as identified on Schedule A of the Verified Complaint (collectively, the "Defendants"), which on information and belief, the majority are originally manufactured in foreign countries, primarily in China. In the Verified Complaint, Plaintiff filed against Defendants for copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the owner of three United States Copyright Registrations collectively referred to in the Complaint as the "Copyrights-in-Suit." Compl. ¶ 1. Plaintiff's copyrighted works are used to license to authorized online retailers, which then sell the products online to consumers throughout the United States. Id. ¶¶ 14-15.

1

## II.     Plaintiff is Entitled to Limited Expedited Discovery

Plaintiff requests this Court to permit limited expedited third-party discovery from Amazon.com; AliExpress.com; eBay; Fruugo; SHEIN; Temu; Walmart; and Wish.com (collectively the "Webstores") regarding each of Defendants' true identities, email addresses, contact information, sales information, and the value of each of Defendants' internal online seller accounts. Without this discovery, Plaintiff will not have accurate or reliable contact information for the Defendants, which is held confidentially by the Webstores, as well as the amounts that should be halted in the Defendants' seller accounts to maintain the status quo and allow for proper accounting of damages.

Courts have "broad discretion" to supervise discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). This latitude includes the ability to permit discovery to commence prior to a Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery without a Rule 26(f) conference if ordered by the court). While the Federal Rules of Civil Procedure can prohibit parties from engaging in discovery of any type before a Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), courts in the Fourth Circuit have allowed parties to serve third-party subpoenas before the 26(f) conference if the movant can show that "good cause" exists. *See Moore v. Doe*, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019).

The "well-established" test for determining good cause consists of five factors: "(1) a concrete showing of a *prima facie* case of actionable harm; (2) specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central

need for the subpoenaed information; and (5) the party's expectation of privacy." *Strike 3 Holdings*, 2023 WL 8720700, at \*1 (citing *LHF Prods., Inc. v. Does 1-5*, No. 1:17-cv-00151-MR, 2017 WL 2960789, at \*1 (W.D.N.C. July 11, 2017) and quoting *Sony Music Ent. V. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

Plaintiff's Verified Complaint states a *prima facie* claim for copyright infringement that includes allegations that Plaintiff owns the Copyrights-in-Suit and that Defendants make unauthorized copies and sell copied products that infringe on Plaintiff's copyrights. In addition, Plaintiff's proposed expedited discovery order serves only to discovery information limited to the number of sales and amount of many held by the Webstores for each Defendant, as well as any name, email address, address, or telephone number associated with the Webstore accounts. Next, Plaintiff has no other way to reliably identifying Defendants are than by court order granting Plaintiff leave to serve a Rule 45 subpoena and the information sought is necessary to effect service on Defendants. Last, the expectation of privacy is of minimal significance where Plaintiff seeks limited discoverable information. *See Apothecary Prod. LLC v. Doe*, No. 19-CV-2278 (PJS/HB), 2019 WL 13471384, at \*3 (D. Minn. Sept. 24, 2019) (holding that expectations of privacy was minimally significant in a patent infringement case because the plaintiff requested limited contact information from a third-party webstore).

This Court has regularly permitted expedited discovery in the interest of justice in order to allow Plaintiff to identify John Doe defendants under Federal Rule of Civil Procedure 26(d)(1). *See Id.* (granting expedited discovery). The Fourth Circuit has not articulated a specific standard for analyzing motions requesting early discovery, but courts in this circuit and around the country have applied a "reasonableness" test that asks whether the plaintiff has shown good cause for

3

expedited discovery. *See, e.g., Chryso, Inc. v. Innovative Concrete Solutions of the Carolinas, LLC*, No. 5:15-CV-115, 2015 WL 12600175, at \*3 (E.D.N.C. June 30, 2015) ("apply[ing] the reasonableness-based test when a party seeks to conduct discovery prior to the Rule 26(f) conference in order to prepare for a preliminary injunction hearing").

Courts routinely find good cause to grant expedited discovery to enable a Plaintiff to identify John Doe defendants in patent and trademark infringement cases. *See,* TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1560 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 11 (granting expedited discovery); TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 14 (granting same); TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:24-cv-0958 (E.D. Va. Jun. 21, 2024) (MSN/LRV), ECF No. 20 (granting same); TRO Order, *Shenzhen Ke Xiu Technology Co. Ltd, v. The Unincorporated Ass'ns*, No. 1:24-cv-1465 (E.D. Va. Aug. 21, 2024) (CMH), ECF No. 14 (granting same). Such expedited discovery is necessary to permit Plaintiff to identify the proper defendant(s), protect their rights, and obtain relief. *See Hard Drive Prods.*, 2011 WL 2634166, at \*2. Accordingly, Plaintiff requests that the Court grant it permission to conduct limited expedited third-party discovery directed at third-party online retail platforms used by Defendants for the purpose of seeking to identify Defendants and the scope of each Defendants' activities giving rise to this action.

III.    **Conclusion**

For the foregoing reasons, Plaintiff requests that this Court issue an order permitting expedited discovery of Schedule A defendants.

Date: December 22, 2025

Respectfully submitted,

___/s/___ Erik N. Lund
Erik N. Lund
elund@dnlzito.com
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
Robert B. Cadle (*pro hac pending*)
rcadle@dnlzito.com
Tel. (202) 763-5086
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

5