Robert B. Cadle, DC Bar no. 90039978 (*pro hac vice*)
rcadle@dnlzito.com
**DNL ZITO**
1250 Connecticut Ave., Suite 700
Washington, DC 20036
(202) 763-5086

Thomas J. Romano, OSB No. 053661
tj@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLP**
621 SW Morrison St #1100
Portland, OR 97205-3801
(503) 994-1650

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ABC, | Case No.: 3:26-cv-00061-IM |
| Plaintiff, | |
| v. | **Plaintiff ABC's** <br> **Supplemental Memorandum in Support** <br> **of *Ex Parte* Motions** |
| THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | **Oral Argument Requested** |
| Defendant(s). | |

Plaintiff, ABC, ("Plaintiff") by counsel, and pursuant to Federal Rule of Civil Procedure 65(b) and this Court's Order (ECF 37), submits this Supplemental Memorandum in Support of its *Ex Parte* Motions for (1) Temporary Restraining Order, (2) Expedited Discovery, and (3) Service of Pleadings by E-mail.

1

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 3

II. PROCEDURAL BACKGROUND ..................................................................................... 3

III. LEGAL STANDARDS ..................................................................................................... 5

A. Fed R. Civ. P. 65(b) – Temporary Restraining Order ...................................................... 5

IV. ARGUMENT ..................................................................................................................... 5

A. Urgency and Justification for *Ex Parte* Proceedings ...................................................... 5

B. Expedited Discovery ........................................................................................................ 7

V. CONCLUSION .................................................................................................................. 7

I.     INTRODUCTION

Plaintiff is a manufacturing company specializing in 3-D printed tools and parts, including solar panel spacers and construction alignment tools, all made in Oregon with locally sourced materials. Plaintiff creates functional tools, parts and prototypes and sells its products on its own website. *See Verified Complaint* at ¶ 15.

The success of the Plaintiff's product has resulted in significant copying of the creative content protected by the Copyrights-in-Suit. *Id*. at 18. Defendants facilitate sales by designing their stores to appear to be authorized sellers of genuine Plaintiff products. *Id*.at 19; *see also* Exhibit B to *Verified Complaint*. Plaintiff, through Exhibit B and in its statements from the Verified Complaint, has established a *prima facie* case of copyright infringement under 17 U.S.C. § 101 et seq. Plaintiff is irreparably damages by the activities of these copiers.

Schedule A cases are typically filed under seal because infringing copyright defendants are generally undercapitalized unincorporated entities that have made no investment into the copyright and rely on the recognition and good will of the owner of the copyright. The unincorporated entities also have the ability to easily fold-up and move on when sued. Proceeding *ex parte* with the TRO is important to allowing a copyright owner to exercise its rights against online pseudonymous entities that operate solely online.

II.     PROCEDURAL BACKGROUND

After significant investment of time in gathering and verifying information, Plaintiff filed this present action in the United States District Court for the Eastern District of Virginia on December 22, 2025, against The Unincorporated Associations Identified in Schedule A. The case was assigned to J. Brinkema of the Alexandria Division. Due to the time this case was filed the

Plaintiff's Supplemental Memorandum
In Support of *Ex Parte* Motions

next available Friday was January 9, 2026, due to commitments of Plaintiff's Virginia local counsel.

On January 9, 2026, this matter was transferred to the District of Oregon and on January 12, 2026, Plaintiff received notice that the case was transferred specifically to this Division of Portland and to this honorable court. Having no connections in Oregon, Plaintiff's attorneys immediately began making inquiries to find local counsel pursuant to Local Rule 83. Due to the highly confidential and sensitive nature of this case, Plaintiff first attempted reaching out to a selective number of Oregon attorneys to ensure only limited disclosure of the information filed under seal. It became clear after a week of back-and-forth responses that it would be more difficult to obtain counsel than Plaintiff's attorney originally contemplated. Plaintiff finally obtained counsel and, after negotiating and agreeing to terms, retained the firm of Kolitch, Romano, Dascenzo, Gates LLP, who entered a Notice of Appearance on February 5, 2026.

The following week, Plaintiff's lead counsel was engaged in a week-long trial in the United States District Court in the Western District of Washington and would not have been available for any hearing. Upon the end of the trial on February 17, 2026, Plaintiff's attorney made a motion to appear *Pro Hac Vice* and on February 19, 2026 requested this Court for a hearing on its *ex parte* motions.

On February 23, 2026, this Court entered an order directing Plaintiff to provide "supplemental information on the TRO and the need for urgency" as well as an explanation and justification for "why this needs to be an ex parte proceeding with current caselaw, ideally binding in this district." (ECF 37). Plaintiff now files this supplemental motion in compliance with that order.

Plaintiff's Supplemental Memorandum
In Support of *Ex Parte* Motions

### III. LEGAL STANDARDS

#### A. Fed R. Civ. P. 65(b) – Temporary Restraining Order

Rule 65(b)(1)(A)-(B) of the Federal Rules of Civil Procedure states that a court may issue a temporary restraining order without written or oral notice to the adverse party (i.e. *ex parte*) only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In deciding whether to grant a motion for a TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction "must establish [1] that it is likely to succeed on the merits, [2] that it is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in its favor, and [4] that an injunction is in the public interest." *State of Oregon et al. v. Trump et al.*, No. 3:25-cv-01756-IM (D. Or. Filed Sept. 28, 2025) ((citing *Bennet v. Isagenix Int'l LLC*, 118 F.4th 1120, 1122-23 (9th Cir. 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The first factor – likelihood of success on the merits – is 'the most important'" *Id*. ((citing *Apache Stronghold v. United States*, 101 F.4th 1036, 1049 (9th Cir. 2024) (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)).

### IV. ARGUMENT

#### A. Urgency and Justification for *Ex Parte* Proceedings

An *ex parte* TRO may be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be

5

located in time for a hearing." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Manusukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Courts have recognized "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Am. Can Co.* 742 F.2d at 322.

Based upon Plaintiff's experience, information and understanding, foreign online webstore Defendants typically conceal their identities by using multiple fictitious names and addresses to register and operate a network of online webpages and, generally, it is not until they learn of a pending lawsuit that evasive efforts are taken to circumvent proceedings against them. *See Verified Complaint* at ¶ 22-31. In addition, without the granting of the requested Expedited Discovery (ECF 12) it is near impossible to know the true identity of the adverse parties to this case as they all operate under fictitious names and unreliable contact information.

This establishes the need to proceed with a TRO prior to public notice of the lawsuit. The irreparably injury begins at the time notice is given of the pending action and while Plaintiff's experience does not claim that *all* Defendants are likely to circumvent proceedings, it is impossible to know which Defendant(s) will decide to flee this court's jurisdiction once notice of the lawsuit is made. This is why the initial proceedings need to be *ex parte*, some percentage will decide to circumvent proceedings, and it is unlikely that Plaintiff will ever recover reasonable damages as a result of the widespread infringement of its copyrighted works. The proposed temporary restraining order is crafted to ensure that Plaintiff maintains its ability to receive compensation for the alleged infringement and to incentivize the Defendants to respond and show cause as to why a preliminary injunction during the pendency of the case should not ensue. It is also narrowly tailored for the proscribed two-week period that allows Defendants time to prepare to show cause as to why preliminary injunction should not ensue.

In addition, while Plaintiff continues to maintain that it has suffered harm during the 63 day period since this case was filed the harm becomes irreparable if the case is made public before a TRO. An *ex parte* TRO is necessary to preserve the existence of most Defendants so that a case can proceed. The realities of the procedural hurdles, court and counsels' schedules, and pre-determined court appearances, establish that the delay from case filing to hearing request was not undue, but due to the realities of litigation and civil procedure.

### B. Expedited Discovery

For Plaintiff to have any preservation of relief, it is also crucial that an Order for Expedited Discovery be entered contemporaneously with the TRO. Due to the online nature of the Defendant's activities, the most reliable source to determine the names, identities, and contact information (i.e. email address) for Defendants is through the online platforms that they operate under.

Here, Plaintiff has submitted evidence for Defendants that operate under Amazon, AliExpress.com, eBay, Fruugo, SHEIN, Temu, Walmart, and Wish.com. While Defendants do at times post foreign addresses to their store pages, the most reliable contact information comes directly from the platforms that they are bound by terms to. Each defendant has to utilize an email address to have contact with the online platforms. Plaintiff should be granted expedited discovery for the limited purpose of ensuring efficient and fair notice is given to Defendants to show cause as to why a preliminary injunction should not ensue. This is also the justification for Plaintiff's request for Service of Pleadings by Email.

### V.  CONCLUSION

Rule 65(b) states that a court may issue a TRO without notice to the adverse party if specific facts in a verified complaint clearly show irreparable, injury, loss, or damage will result to movant

before the adverse party can be heard in opposition. Plaintiff in its Verified Complaint has attested to its experience that if the Defendants receive notice prior to entry of the restraining order that they may be incentivized to circumvent the efforts of this action by removing assets from this court's jurisdiction. While Plaintiff continues to maintain that it has suffered and continues to suffer harm before this court can hear its motion, the realities of procedural hurdles from transfer to another district has made the 63-day delay reasonable under the circumstances.

For these reasons and those stated above, as well as those set out in Plaintiff's original motion for Temporary Restraining Order, Plaintiff requests that this Court grant the requested relief.

Date: February 26, 2026   Respectfully Submitted,
DNL ZITO

 /s/ Robert B. Cadle
Robert B. Cadle
1250 Connecticut Ave NW, #700
Washington, DC 20036
T: (202) 763-5086
rcadle@dnlzito.com

*Attorneys for Plaintiff*

Plaintiff's Supplemental Memorandum
In Support of *Ex Parte* Motions

## CERTIFICATE OF SERVICE

    I hereby certify that on February 26, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Oregon, using the Court's electronic case filing system, and the foregoing document has been electronically served on all counsel of record.

By: /s/ *Robert B. Cadle*
Robert B. Cadle

Date: February 26, 2026

Plaintiff's Supplemental Memorandum
In Support of *Ex Parte* Motions