UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TITUS INDUSTRIES LLC,

               Plaintiff,

v.

THE UNINCORPORATED
ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

               Defendants.

Case No.: 3:26-cv-00061-IM

ORDER GRANTING
PRELIMINARY INJUNCTION

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY
INJUNCTION**

This matter is before this Court on Titus Industries LLC's ("Plaintiff") Motion – as to The

Unincorporated Associations Identified in Schedule "A" – for (1) a Preliminary Injunction Order

against the Product IDs owned by Defendants—as defined by Store Name in **Attachment A**, ECF

62-2—to prevent further sales; and (2) an order restraining the assets associated with the specific

Product IDs as listed in **Attachment A**. This Court has considered the Motion, the evidence of

record, arguments of counsel, and the applicable law.

Pursuant to 17 U.S.C. § 502 and Federal Rules of Civil Procedure 65, for good cause shown

PAGE 1 – ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

that Plaintiff has satisfied the requirements for issuance of a Preliminary Injunction, this Court GRANTS Plaintiff's Motion.

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff has established: (i) Plaintiff is likely to prevail on the merits of its claims asserting that each Defendant's unauthorized copies infringe upon Plaintiff's copyrighted works claims in the Verified Complaint; (ii) Plaintiff has no adequate remedy at law to compensate for Defendants' infringing activities and Plaintiff has suffered, and will continue to suffer, irreparable harm absent the entry of a Preliminary Injunction ("PI"); (iii) the balance of equities weighs in favor of granting Plaintiff's requested PI; and (iv) the requested PI will serve the public interest.

2. Plaintiff is the holder of the pertinent exclusive rights of valid Copyrights Registration Certificates issued by the Register of Copyrights as identified in Exhibit A.

3. Defendants identified in Attachment A, through their operation of pseudo-anonymous online commerce storefronts ("Webstores") under Defendants' respective Product IDs set forth in Attachment A to the Motion for Preliminary Injunction through online commerce platforms including, but not limited to, Amazon.com, Temu, and Walmart, and, have promoted, advertised, distributed, had manufactured, imported offered for sale, and sold unauthorized copies that are found to be likely to infringe the Copyrights-in-Suit based upon evidence presented.

4. Plaintiff accessed and inspected all Attachment A Defendants' Product IDs operated under Defendants' Store Numbers that are at issue in this case. The details of Defendants' Webstore's (including descriptions, images, and reviews) were inspected by Plaintiff's legal representatives who confirmed that each Defendant is or was at least offering for sale products through the use of copyrighted images that infringe upon the Copyrights-in-Suit.

PAGE 2 – ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

5.   Defendants' Infringing Products were analyzed by Plaintiff to confirm the allegations of infringement as set forth in the Verified Complaint and infringement exhibits attached thereto.

6.   Plaintiff is likely to suffer immediate and irreparable injury, damages, and losses unless Plaintiff's Motion is granted.

7.   Absent the relief requested by Plaintiff, there is good cause shown that (1) the unauthorized and unlicensed offering for sale and sale of infringing products will continue in the Webstores; (2) Plaintiff will continue to lose sales of Plaintiff's Nut Zipper; and (3) the marketplace for Plaintiff's authorized and Plaintiff's copyrighted material related to Nut Zipper will continue to be eroded and tarnished.

8.   The only potential harm to Defendants if a PI issues, is loss of sales of infringing product.

9.   The balance of potential harm to Defendants if a PI issues is outweighed by the harm to Plaintiff if a PI is not issued.

10.   The public interest favors issuance of the PI by protecting the public's interest in preserving the rights of intellectual property holders.

PAGE 3 – ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion is hereby GRANTED as follows:

**I. PRELIMINARY INJUNCTION – RESTRAINT OF ATTTACHMENT A DEFENDANTS' PRODUCT IDs**

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant (as defined by Store Name in **Attachment A**, ECF 62-2), its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it, having notice of this Order, are hereby restrained as follows:

1. Defendants' Product IDs as listed in **Attachment A** are preliminary enjoined from their continued infringement of the Copyrights-in-Suit owned by Plaintiff, including the unauthorized and unlicensed promotion, advertisement, distribution, manufacture, import offer for sale, and sale of the Accused Products.
2. Defendants are preliminarily enjoined from shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the unauthorized copies.
3. Defendants are enjoined from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents, or other records, or evidence relating to their user accounts or Webstores.
4. Defendants are enjoined from transferring ownership of the Webstores, user accounts, or Product IDs;
5. Defendants shall preserve copies of all computer files relating to the use of any Online Storefronts, user accounts, and Product IDs, and shall take all steps necessary to retrieve and maintain computer files relating to the use of any Online Storefronts, and user accounts related to the Product IDs that may have been deleted prior to entry of this Order;
6. Upon receipt of this Order, Defendants and all marketplace platforms, shall immediately identify and restrain all funds associated directly with the sale of accused products related to the Defendants Product IDs as identified **Attachment A** hereto.
7. Upon Plaintiff's request, any Online Marketplace that is provided with notice of this Order, including but not limited to any Third Party Institutions, shall immediately cease fulfillment of and sequester Defendants' Assets corresponding to the Product IDs identified on **Attachment A** hereto.
8. This Order shall remain in effect until such further date as set by the Court or stipulated by the parties.

B.  IT IS HEREBY ORDERED, that Plaintiff's Motion for Preliminary Injunction is Granted.

PAGE 4 – ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, and within five (5) business days of Plaintiff's request:
All Online Marketplaces shall, upon receipt of this Order, suspend or block any and all purchases of product identified through Defendants Product IDs in **Attachment A**.

D.  IT IS FURTHER ORDERED, that Plaintiff shall submit a Status Report every ninety (90) days until further order of this Court.

## II.    SECURITY BOND

IT IS FURTHER ORDERED that the Plaintiff's security deposited for the original

Temporary Restraining Order (ECF 47) (corporate surety bond, cash, certified check, or

attorney's check) in the amount of Ten Thousand Dollars (US $10,000.00) remain with the

Court, which amount is determined adequate for the payment of any damages any person may be

entitled to recover as a result of an improper or wrongful restraint ordered hereunder.


**IT IS SO ORDERED.**

DATED this 21st day of April, 2026.


/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge